IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIANA EMERIBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-2545 |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 4). Plaintiff has filed no response to Defendant's motion to dismiss, which is therefore deemed unopposed pursuant to Local Rule 7.4. Moreover, Plaintiff has not sought leave to replead. Even though deemed unopposed, the Court will analyze the motion, the complaint, and the applicable law to determine whether dismissal is warranted under Federal Rule 12(b)(6).

I. Background

Plaintiff Juliana Emeribe ("Plaintiff") alleges against Defendant Wells Fargo Bank, N.A. ("Defendant") claims of fraud, wrongful foreclosure due to fraud, wrongful foreclosure due to failure to properly notice, slander of title, promissory estoppel, unreasonable collection, accounting, and further seeks "temporary and final injunctive orders concerning use of the subject property

and production of documents."[1]

The background for these claims was her purchase of a home at 21511 White Falls Lane in Katy, Texas in 2003, for which she borrowed purchase money.   In October 2011, Plaintiff told Defendant, which then held the purchase money Note and Deed of Trust, that she could not continue to make monthly payments on the loan because of reduced employment hours.   She requested a short sale, completed all the paperwork for a short sale, and faxed it to Defendant, who confirmed that they received it.   Plaintiff's agent contacted Defendant weekly to check on the progress and was consistently told that Defendant was working on it.   In January 2012, Plaintiff received notice that her home would be auctioned at foreclosure.   Her agent contacted Defendant, whose representative denied that Defendant had received any paperwork applying for a short sale.   The house was sold at foreclosure on February 7, 2012.

## II.   Discussion

### A.   Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."   FED. R. CIV. P. 12(b)(6).   When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.   *See* Scheuer v.

---

[1] Document No. 1, ex. B.2 (Orig. Pet.).

Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S. Ct. at 1964-65.

B.  Analysis

1.  Fraud and Wrongful Foreclosure Due to Fraud

Defendant argues that Plaintiff's fraud claims should be dismissed because Plaintiff fails to plead fraud with the

3

specificity required by Rule 9(b) and because her fraud claim is barred by the economic loss rule.[2]  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  Although the exact pleading requirements for Rule 9(b) are case-specific, see Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit requires the claimant to allege "'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud."  U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).  Under Texas law, the elements of a fraud claim are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex.

---

[2] Although Plaintiff states separate claims for fraud and wrongful foreclosure based on fraud, they both seek the same relief for the claimed wrongful foreclosure and both are governed by the requirements of Rule 9(b).

2001).

Plaintiff does not specify which conduct described in the facts section of her complaint constitutes fraud. She generally alleges that Defendant's representatives made statements over the phone that someone was working on the short sale file,[3] which Plaintiff alleges was a "false representation." Plaintiff asserts that her representative contacted Defendant every week and that her representative "was told" that someone was working on her file. In that same paragraph, Plaintiff also attributes statements to Defendant's representatives that Defendant had never received the short sale paperwork. Finally, Plaintiff states that, "[i]n reliance on Defendant's representations, Plaintiff understood that the February 7, 2012 foreclosure would not occur since she was still in the process of applying for a short sale." As to this last alleged misrepresentation, Plaintiff does not plead any particulars about what representation was made, when it was made, to whom it was made, or by whom it was made, and thus fails to satisfy the requirements of Rule 9(b). Plaintiff's other alleged misrepresentations also fail to satisfy Rule 9(b) requirements. Plaintiff not only does not identify the name(s) of the representative(s) but also does not identify any other specifics by which the representative(s) who made the statements can be identified. Plaintiff does not state whom she or her

---

[3] Document No. 1, ex. B.2 at ¶ 10.

representatives called, whether it was a branch office or an individual's listed number, or when such calls were made, or any other facts that would enable Defendant to identify the person(s) charged and the particulars of the alleged fraud. *See, e.g.,* Franklin v. BAC Home Loans Servicing, L.P., Civ. A. No. 3:10-CV-1174-M, 2011 WL 248445, at *4 (N.D. Tex. Jan. 26, 2011) (finding plaintiff's assertions that an unnamed representative of defendant told her that she would qualify for a loan modification at an undisclosed, future date did not satisfy 9(b)); Stumm v. BAC Home Loans Servicing, L.P., No. 11-cv-3736 (PJS/LIB), 2012 WL 5250560, at *2 (D. Minn. Oct. 24, 2012) (failing to name the specific representative was not fatal to pleading if enough facts were alleged to allow defendant to identify the employee). Plaintiff's claims for fraud and wrongful foreclosure due to fraud are therefore dismissed for failure to comply with the pleading requirements of 9(b).

2.  Wrongful Foreclosure Due to Failure to Give Proper Notice

Plaintiff claims that, "It is believed that Defendant failed to follow Texas requirements for acceleration of note and for notice of foreclosure sale."[4] "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a

---

[4] Document No. 1, ex. B.2 at 5.

causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.). Plaintiff alleges no facts to support a wrongful foreclosure claim. She does not allege that she failed to receive notice of foreclosure: to the contrary, she pleads that she "received a letter from Wells Fargo that her home would be auctioned."[5] Likewise, Plaintiff states no facts that state a violation of Texas law by Defendant in accelerating the maturity of the note. Plaintiff's "belief" in a wrongful foreclosure is insufficient to raise a right to relief above a mere speculative level, and therefore states no cause of action upon which relief can be granted. Accordingly, this claim will be dismissed.

### 3.   Slander of Title

Plaintiff further claims that "Defendant and its predecessor have not received a conveyance of title and/or rights from the original mortgagee, KB Home Mortgage Company, nor from any legitimate successor in interest. Accordingly, Defendant's actions constitute a slander of Plaintiff's title to the subject property."[6] A slander of title claim contains the following elements: (1) the utterings and publishing of disparaging words;

---

[5] Document No. 1, ex. B.2 at 3.

[6] Id., ex. B.2 at 5.

7

(2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale.  Williams v. Jennings, 755 S.W.2d 874, 879 (Tex. App.--Houston [14th Dist.] 1988, writ ref'd) (citation omitted).  Plaintiff pleads no facts regarding an uttering or publishing of disparaging words that were false and malicious, and pleads no facts as to any of the other elements of a slander of title claim, and hence fails to state a slander of title claim upon which relief can be granted.

4.   Promissory Estoppel

Claiming promissory estoppel, Plaintiff alleges that "Defendant through its employees and agent entered into an oral contract for application and participation in the Making Homes Affordable program with Plaintiff, then breached the agreement when they kept increasing the payments.  Additionally, Defendant agreed to allow Plaintiff to apply for a short sale instead of foreclosure, then foreclosed without proper notice."[7]  A promissory estoppel claim requires: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to her detriment.  English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983); Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675,

_____

[7] Document No. 1, ex. B.2 at 6.

686 n.25 (Tex. 2002).   Plaintiff's first assertion is that
Defendant made an "oral contract for application and participation
in the Making Homes Affordable program with Plaintiff."  Plaintiff
pleads no facts, however, to describe a sufficiently definite
promise by Defendant that would justify some specific reliance by
Plaintiff.  The second premise for Plaintiff's promissory estoppel
claim--the alleged agreement that Plaintiff could apply for a short
sale program--fails to allege facts that Defendant made a
sufficiently definite promise to induce detrimental reliance by
Plaintiff.  *See, e.g.*, <u>Allied Vista, Inc. v. Holt</u>, 987 S.W.2d 138,
142 (Tex. App.--Houston [14th Dist.] 1999, pet. denied) (stating
that a promise must be sufficiently definite in order to make
reliance reasonable or justified); <u>Ezennia v. Wells Fargo Bank,
N.A.</u>, Civ. A. No. H-10-5004, 2012 WL 5499420, at *5 (S.D. Tex. Nov.
13, 2012) (Miller, J.) ("a promise must be sufficiently definite to
be enforced") (citing cases).  Plaintiff's vague allegations of
promises made by Defendant do not provide sufficient factual
content to state a plausible promissory estoppel claim upon which
relief can be granted.

### 5.   <u>Unreasonable Collection</u>

Plaintiff alleges that "Defendant's conduct as cited above,
including the wrongful foreclosure of its alleged interest in
Plaintiff's home, constitutes an unreasonable collection effort by

Defendant."[8]  Unreasonable collection is an intentional tort.  EMC
Mortg. Corp. v. Jones, 252 S.W.3d 857, 868 (Tex.App.--Dallas 2008,
no pet.).   The misconduct must amount to "a course of harassment
that was willful, wanton, malicious, and intended to inflict mental
anguish and bodily harm."  Id. at 868-69 (citing Montgomery Ward &
Co. v. Brewer, 416 S.W.2d 837, 844 (Tex. App.--Waco 1967, writ
ref'd n.r.e.); Connell v. Rosales, 419 S.W.2d 673, 676 (Tex. App.--
Texarkana 1967, no writ)) (internal quotation marks omitted).
Plaintiff has not alleged facts to show that Defendant harassed
Plaintiff, much less to a degree that would give rise to an
intentional tort for unreasonable collection.  "Merely exercising
a contractual right to foreclose does not constitute 'willful,
wanton, or malicious' conduct." Moore v. Fed. Nat'l Mortg. Ass'n,
Civ. A. No. H-12-1518, 2012 WL 6048999, at *5 (S.D. Tex. Dec. 5,
2012) (Miller, J.).  Plaintiff has not alleged facts that would
state a plausible unreasonable collection claim against Defendant,
and accordingly this claim is dismissed.

6.   Accounting

Plaintiff asks the Court to compel Defendant "to provide a
full accounting of Plaintiff's account associated with the subject
property, and to provide an accounting of all funds received or

---

[8] Document No. 1, ex. B.2 at 6.

credited as a result of the foreclosure sale."[9] "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App.--Corpus Christi 2001, no pet.), *abrogated on other grounds as recognized by* Richardson v. Wells Fargo, N.A., 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012). Plaintiff has not pled facts to state a separate claim upon which relief may be granted, and therefore the only arguable basis for an accounting claim would be in equity. Whether to grant an equitable accounting is left to the discretion of the court and "is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law." Brown v. Cooley Enterprises, Inc., Civ. A. No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (citations omitted). Plaintiff alleges no facts of any complexity with respect to the accounting of her loan, and further has not stated any reason why an equitable accounting would be necessary in this case. Plaintiff's claim for an accounting is dismissed.[10]

---

[9] Document No. 1, ex. B.2 at 6.

[10] Plaintiff lists as "Count 8" a request for temporary and permanent injunctive relief. Because the Court finds that Plaintiff has not alleged facts to state a cause of action under counts one through seven, Plaintiff has not shown herself entitled to any injunctive relief. This claim is therefore dismissed.

III.  <u>Order</u>

Accordingly, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 4) is GRANTED and Plaintiff Juliana Emeribe's claims are DISMISSED with prejudice.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 10ᵀᴴ day of January, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12